Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Christopher S. Skinner (Bar No. 342830)
cskinner@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:(949) 258-5081

*Attorneys for Plaintiff,*
Michael Grecco Productions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FILMNET, LLC, D/B/A FILMNET.IO, a Massachusetts limited liability company; CHRIS K DANIELS, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-01939-SVW-AS<br>Hon. Stephen V. Wilson<br><br>**PLAINTIFF MICHAEL GRECCO PRODUCTIONS, INC.'S OPPOSITION TO DEFENDANT CHRIS K. DANIELS'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6)**<br><br>Complaint Filed:   March 5, 2025 |

## I.     NO MEET AND CONFER

There was no meet and confer as required by the Local Rules. The Court can deny the motion on that basis alone. L.R. 7-3 ("In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion."); *see also Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) ("The Workers' motion to amend violated the local rules, and the district court may in its discretion deny their motion on that basis alone.").

## II.    THE CLAIM IS TIMELY

Respectfully, the motion should be denied because Plaintiff's claim is timely as pled on the face of the Complaint. Plaintiff discovered the infringement in January 2025 as alleged in the Complaint. The fact that it originally existed more than 3 years ago as Defendant contends in his motion –based on his assertion that he published it on September 2021 – is irrelevant when the infringement was ongoing and continuous and no facts demonstrated Plaintiff knew sooner, or should have known as a matter of law.

Copyright claims are not subject to an absolute bar such that an online infringement that continues is immunized forever after 3 years of the first posting/infringement. The standard is:  Copyright infringement claims must be "commenced within three years after the claim accrued," 17 U.S.C. § 507(b), which occurs "when a party discovers, or reasonably should have discovered, the alleged infringement." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020); s*ee also Woodall v. Walt Disney Co*., No. 2:20-cv-03772-CBM-E, 2025 U.S. Dist. LEXIS 38957, at *9 (C.D. Cal. Feb. 24, 2025) (rejecting argument

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

that the discovery rule was materially changed by the U.S. Supreme Court's decision in *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 144 S. Ct. 1135, 218 L. Ed. 2d 363 (2024)). This discovery rule analysis is a factual one. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004). And claims of statute of limitations violations amount to an affirmative defense. Fed. R. Civ. P. 8(c)(1); *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Here, Defendant's argument that the delayed discovery is unreasonable as matter of law lacks merit. Its alleged infringing presence since 2021 (which is not part of the Complaint) does not create a duty on a rightsholder to find every possible infringement at the moment of posting. That plaintiff enforces his rights in the referenced lawsuits does not mean that there is a unique burden on plaintiff in distinction to others by virtue of alleged sophistication. And the matters that form the basis for Defendant's syllogism are outside the face of the complaint anyway and so are not proper for a Rule 12 motion based upon an as-yet unpled affirmative defense (which are also objected to as improper at Rule 12 and not subject to a proper judicial notice request either).

Even considering Defendant's materials, the law does not support Defendant's contention. Other courts have rejected this exact argument. First, Plaintiff cites the SDNY decision involving the same plaintiff here, the *RADesign* case, to support his argument. But there on appeal the Second Circuit, not cited by Plaintiff, rejected that exact holding. *Michael Grecco Productions, Inc. v. RADesign, Inc.*, 112 F.4th 144, 152-54 (2d Cir. 2024). The Second Circuit held: "Nor did MGP's past litigation of infringement claims—unrelated to those here and against other defendants— somehow make it clear that the infringement claims in this action were untimely. The fact of MGP's past litigation experience was properly subject to judicial notice. *See Glob. Network Commc'ns, Inc.*, 458 F.3d at 156. However, past litigation involving different infringements by different defendants in no way proved that MGP's alleged failure to discover Davis's use of the Rose photos for several years

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

was due to a lack of due diligence." *Id.* at 154. That begins and ends the inquiry here for all practical purposes.

As one appellate court has made clear, a plaintiff can only "be charged with inquiry notice, sufficient to start the limitations clock, once he possesses information fairly suggesting some reason to investigate whether he may have suffered an injury *at the hands of the putative infringer.*" *Warren Freedenfled Assoc., v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008) (citing to other published circuit court decisions) (emphasis added). No facts exist here to trigger that standard.

Indeed, this very Court has addressed a similar issue and held that one can only be charged with constructive knowledge of the infringement—that it reasonably should have discovered the infringement—where "if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim]. . . . However, this duty to investigate 'must be triggered by some event or series of events that comes to the attention of the aggrieved party.'" *Bolano v. Grant*, No. 2:22-cv-04531-SVW-KS, 2023 U.S. Dist. LEXIS 85844, at *9 (C.D. Cal. May 16, 2023) (citations omitted); *see also Wilson Aero. LLC v. Boeing Co. Inc*., No. 2:23-cv-00847-JHC, 2025 U.S. Dist. LEXIS 47180, at *15 (W.D. Wash. Mar. 14, 2025) ("Without actual knowledge or a reason to suspect infringement before 2021, Plaintiff's copyright infringement claim did not accrue.").

This Court's *Bolano* decision is consistent other federal court opinions. *See Sohm v. Scholastic Inc.*, 959 F.3d 39, 51 (2d Cir. 2020) (holding that, to establish constructive notice, a defendant must identify specific "facts or circumstances that would have prompted such an inquiry" by the copyright holder into the alleged infringing activity; *Wu v. John Wiley & Sons, Inc.*, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015) ("Wu's knowledge about [infringements by textbook] publishers generally is not sufficient to constitute constructive discovery of infringement by Wiley"); *Dean v. John Wiley & Sons, Inc.*, 2012 WL 1078662, at *3

3

(D. Ariz. March 30, 2012) ("Although defendant complains that plaintiff's general allegations that textbook publishers systemically exceeded licenses means that he 'sued Wiley in 2011 with no more personal knowledge than he had in 2007,' defendant does not present any evidence from which we can reasonably infer that plaintiff's knowledge of [the non-defendant publisher's] infringement alerted or should have alerted him to evidence that defendant was exceeding its licenses."); *Beasley v. John Wiley & Sons, Inc.*, 56 F. Supp. 3d 937, 946 (N.D. Ill. 2014) ("news response and articles about 'potential violations by textbook publishers in general would not provide Beasley with any inkling that Wiley in particular was infringing his copyrights."); *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp.2d 714, 723 (E.D. Mich. 2013) ("The Court . . . rejects Defendants' argument that Plaintiff was under a continuous duty to police its copyright and concludes that Defendants have not pointed to evidence of any storm warnings that would reasonably have put Plaintiff on inquiry notice of the claimed infringement more than three years prior to filing suit."); *Frerck v. John Wiley & Sons, Inc.*, 2014 WL 3512991, at *6 (N.D. Ill., July 14, 2014) (general knowledge of infringement in an industry does not constitute a 'storm warning' that triggers any duty of investigate).

Here, the law is the same and the Court cannot conclude as a matter of law that plaintiff should have discovered it sooner. The pleading burden on a complaint cannot be shifted to plead around an affirmative defense of statute of limitations as Defendant seeks to do. Plaintiff alleged when it discovered the infringement and that cannot be deemed unreasonable as a matter of law by virtue of Defendant's Declaration's exhibits given the legal authority at issue.

Defendant's cited cases are no different. For example, *Warren Freedenfeld* reversed a Rule 12 decision and held that inquiry notice was not triggered just because the facts hinted at possible earlier notice—there, the plaintiff knew of the defendant's existence even. 531 F.3d at 46-47. That has no impact here at Rule 12

1    on these facts as here, unlike there, there is not even a hint of earlier knowledge.

2    Indeed, defendant's own extra-record facts prove the point: the alleged small traffic

3    to his site and the image. *See id.* ("To say more about WFA's appeal would be to

4    paint the lily. At the motion to dismiss stage, the record contained some facts that

5    hinted at the possibility of inquiry notice as early as mid-2000, but no facts that

6    justified a *compelled* finding that WFA was on inquiry notice at that juncture. We

7    therefore vacate the district court's order of dismissal on the claim of copyright

8    infringement.") (emphasis in original)..

9        The unpublished Ninth Circuit *Michael Grecco* case that defendant cites also

10   confirms the improper nature of the request here. *See Michael Grecco Productions,*

11   *Inc. v. BDG Media, Inc.*, 834 Fed. App'x 353, 354 (9ᵗʰ Cir. 2021). There, a district

12   court dismissed the copyright claim at Rule 12 and the Ninth Circuit panel expressly

13   held—the same as the Second Circuit cited above—that there was no basis on the

14   face of the complaint to conclude that plaintiff should have discovered the

15   infringement sooner. *Id.* at 354 § 1. Thus, a Rule 12 dismissal was *reversed*. The

16   aspect of the dismissal that was affirmed was in relation to another photo that

17   plaintiff alleged it had discovered over 3 years earlier, *id.* at 354 *§* 2, but that is not

18   present in the Complaint here.

19       In the copyright area of access for a plaintiff's claim of substantial similarity,

20   courts have rejected the conclusion that mere presence on the internet creates

21   widespread known dissemination (for purposes of defendant's alleged liability). *See*

22   *Design Basics, LLC v. Lexington Homes, Inc*., 858 F.3d 1093, 1107-08 (7th Cir.

23   2017).[1] The same is true here on the other side: mere internet presence (on a

24   defendant's self-proclaimed small site with small views no less) does not create an

25   inference or basis of actual knowledge or a "should have known" basis of

26   knowledge. *See supra, e.g. Frerck*, 2014 WL 3512991, at *6.

27

28   [1]    Defendant's quoted parenthetical at Section B.1 of the Motion does not appear in the case.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Accordingly, Plaintiff's alleged sophistication—an untested and explained elastic concept on this fact record—and the assertion that it should have discovered the infringement sooner is not a proper Rule 12 matter and is best left for summary judgment.

## III.    THE CLAIM IS ALSO TIMELY BECAUSE THE INFRINGEMENT ALSO OCCURRED WITHIN THE LAST 3 YEARS

As the Supreme Court held in *Petrella v MGM, Inc.*, 572 U.S. 663, 670 (2014), "[a] copyright claim . . . 'accrues' when an infringing act occurs.  It is widely recognized that the separate accrual rule attends the copyright statute of limitations.  Under that rule, when a defendant commits successive violations, the statute of limitations *runs separately from each violation.  Each time an infringing work is reproduced or distributed, the infringer commits a new wrong*.  Each wrong gives rise to a discrete 'claim' that 'accrues' at the time the wrong occurs.  In short, each infringing act starts a new limitations period." *Id.* at 67-71 (emphasis added).  *See also Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992) ("[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief) (citing *Mount v. Book-of-the-Month Club, Inc.*, 555 F.2d 1108 (2d. Cir 1977).  The nature of a cognizable act of infringement is irrelevant, as it can be any violation of a copyright holder's exclusive rights under section 106 of the Copyright Act— whether it's an unauthorized reproduction, distribution or public display, as noted by the Court in *Petrella.  See Petrella,* 572 U.S. at 671.

Consider *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489 (Fed. Cl. Aug. 27, 2019), for example.  There, APL's claims were not subject to a statute of limitations defense even though they had been posted in 2004 and the lawsuit was not filed until many years later.  As the court noted, the files were live within three years of the lawsuit and, as a result, exclusive rights under section 106 (*e.g.*, the distribution and public display rights) had been violated by the defendant within three years prior to the filing of the suit.  Specifically, the court held that APL

6

possessed cognizable claims for violation of its exclusive right to public distribution for any "act of transmitting the [infringing] webpage—and the Work therein—to a user," *id.* at 498, and that APL had claims for violation of its exclusive right to public display for "each unauthorized showing of a Work through a computer . . . [and, thus, since] each time a user viewed NASA's webpage, APL's copyrighted Work was displayed on the user's computer . . . each of these displays constituted a separate infringement on APL's right of public display under § 106(5) with each infringement starting a new limitations period under 28 U.S.C. § 1498(b)" *Id.* at 498-99.

Here, it is no different. The defendant's website was live and continuously hosting, publicly displaying, offering for download, via its website to users. Each time users accessed the defendant's site, Plaintiff's copyrighted works were distributed and publicly displayed creating a new act of infringement with a new statute of limitations. Thus, even within Defendant's construct, the infringement claims here are timely.

## IV.    CONCLUSION

Respectfully, the motion should be denied as a copyright claim is pled within the statute of limitations.

Alternatively, Plaintiff should be allowed leave to amend. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 317 U.S. 178, 182 (1962); (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under [Rule 15(a)(2) in favor of granting leave to amend.").

///

///

///

1     Dated: April 29, 2025            **ONE LLP**

2

3                                By: */s/ Peter R. Afrasiabi*

4                                Peter R. Afrasiabi
                               Christopher S. Skinner

5                                *Attorneys for Plaintiff,*

6                                Michael Grecco Productions, Inc.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**