Docusign Envelope ID: 4275E35A-A8DB-4377-9A2A-4EE29921C8E2
Case 2:25-cv-01939-SVW-AS    Document 26    Filed 05/03/25    Page 1 of 6    Page ID #:152

FILED
CLERK, U.S. DISTRICT COURT
05/03/2025
CENTRAL DISTRICT OF CALIFORNIA
BY    GSA    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

CHRIS K. DANIELS
812 N Kilkea Dr.
Los Angeles, CA 90046
978-857-3493
Email: chris@chriskdaniels.com

CHRIS K. DANIELS, PRO SE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff(s),<br><br>vs.<br><br>FILMNET, LLC, D/B/A FILMNET.IO, a Massachusetts limited liability company; CHRIS K DANIELS, an individual; and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No. 2:25-cv-01939-SVW-AS<br>Hon. Stephen V. Wilson<br><br>**CORRECTED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Complaint Filed: March 5, 2025** |

DATED: May 3, 2025

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 19, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court, Defendant Chris K Daniels ("Defendant") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff Michael Grecco Productions, Inc.'s ("Plaintiff") Complaint in its entirety with prejudice.

Defendant respectfully requests that the Court consider this motion on the papers without oral argument, pursuant to Local Rule 7-15, as Defendant will be out of the country on the scheduled hearing date.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, the Declaration of Chris K. Daniels and exhibits filed concurrently herewith, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: May 3, 2025

Respectfully submitted,

Chris K Daniels
Defendant, Pro Se
Email: chris@chriskdaniels.com
Phone: 978-857-3493

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") filed this copyright infringement action over four years after the alleged infringement first occurred. As such, this action is time-barred by the three-year statute of limitations under the Copyright Act, 17 U.S.C. § 507(b). Because the untimeliness of Plaintiff's claim is apparent from the face of the Complaint and the incorporated exhibits, dismissal with prejudice is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6).

In support of this Motion, Defendant submits three exhibits: Exhibit A, which is a screenshot of the blog post as it appeared with the allegedly infringing image in 2024, Exhibit B, which is a screenshot of the current blog post showing that the image has been removed upon notification of this dispute, and Exhibit C, which is a series of email correspondence from Plaintiff to Defendant in January and February 2025.

**II. FACTUAL BACKGROUND**

According to the Complaint, Plaintiff alleges that Defendants infringed its copyright in a photograph of film director Robert Altman (the "Photograph") by displaying it on the Filmnet.io website in connection with an interview article. (Compl. ¶¶ 9, 17, Ex. C.) The Complaint admits that the alleged infringement began no later than January 6, 2025, which is when "Plaintiff became aware of the Photograph's use on Defendants' Website." (Compl. 17.) However, Exhibit C to the Complaint, which contains the allegedly infringing webpage, shows that the article containing the Photograph was published on September 3, 2021, with a "modified" date of September 3, 2021. (Compl. Ex. C, showing metadata in HTML source code with "article" content="2021-09-03T23:35:50+00:00" and "article" content="2021-09-03T23:46:14+00:00".)

-2-

Corrected Motion to Dismiss - Case No. 2:25-cv-01939-SVW-AS

Plaintiff filed this action on March 5, 2025, more than three years after the alleged infringement first occurred. (See Dkt. No. 1.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" V on Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). In ruling on a motion to dismiss, the court may consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

## IV . ARGUMENT

### A. Plaintiff's Copyright Infringement Claim is Barred by the Statute of Limitations

Under the Copyright Act, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Supreme Court has confirmed that copyright infringement claims accrue "when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014) (internal quotation marks and citations omitted). Under the "discovery rule" applied by the Ninth Circuit, "a cause of action for copyright infringement accrues when a party discovers, or reasonably should have discovered, the alleged infringement." Media Rights Techs., Inc. v. Microsoft Corp., 922 F.3d 1014, 1022 (9th Cir. 2019).

Here, the face of the Complaint and its incorporated exhibits establish that Plaintiff's copyright infringement claim accrued no later than September 3, 2021, when the allegedly infringing article was published on Defendants' website. Although Plaintiff alleges it did not discover the alleged infringement until January 6, 2025, this delayed discovery is unreasonable as a matter of law given the following facts:

The allegedly infringing article was publicly available on Defendants' website since September 3, 2021. (Compl. Ex. C.)

2. Plaintiff is a sophisticated copyright holder that regularly polices and enforces its copyrights, as evidenced by its extensive copyright litigation history. See, e.g., Michael Grecco Prods., Inc. v. RADesign, Inc., No. 21-cv-8381 (RA), 2023 WL 4106074 (S.D.N.Y . June 20, 2023) (noting that Plaintiff has filed over 130 copyright infringement lawsuits).

3. The allegedly infringing use was not concealed; rather, it was prominently displayed in a

public-facing interview article that was accessible through standard search engines, as shown in Exhibit A attached to this Motion.

4. Upon receiving notice of Plaintiff's claim in January 2025, Defendant promptly removed the image from the website, as demonstrated by Exhibit B, which shows the current version of the webpage without the image.

5. The allegedly infringing webpage had minimal traffic, with less than 5,000 total views over the entire period from September 2021 to January 2025, as stated in the Declaration of Chris K Daniels filed concurrently with this Motion.

Courts have consistently held that sophisticated copyright holders such as Plaintiff are expected to exercise reasonable diligence in discovering potential infringements. For example, in Michael Grecco Productions, Inc. v. RADesign, Inc., the Southern District of New York dismissed Plaintiff's copyright infringement claim as time-barred, noting that Plaintiff is "experienced in copyright protection and enforcement" and "reasonably should have discovered the allegedly infringing uses earlier through the exercise of due diligence." 2023 WL 4106074, at *4. The court emphasized that the allegedly infringing images "were publicly available" and that Plaintiff "regularly monitors for copyright infringements." Id.

In RADesign, the court specifically noted that Plaintiff Grecco "is in the business of enforcing his copyrights" and had filed "more than 130 lawsuits" to enforce his copyrights, making him "plainly sophisticated when it comes to protecting his intellectual property." 2023 WL 4106074, at *2. The court dismissed Grecco's claims as time-barred despite his argument that he could not have discovered the infringement earlier, finding that with his "experience and sophistication in the realm of copyright enforcement," he should have discovered the alleged infringement through reasonable diligence well before the statute of limitations expired. Id. at *4. The parallels to this case are striking – in both instances, Plaintiff Grecco, a sophisticated copyright enforcer, seeks to pursue claims for publicly available images years after they were first published online.

Similarly, in this case, Plaintiff's alleged discovery of the infringement in January 2025, more than three years after the article was published, reflects a lack of reasonable diligence that cannot toll the statute of limitations. Courts have rejected the argument that each day an allegedly infringing work remains on a website constitutes a new act of infringement for statute of limitations purposes. See, e.g., Media Rights Techs., 922 F.3d at 1023 (noting that adopting such a rule "would effectively nullify the statute of limitations").

Because Plaintiff's claim accrued no later than September 3, 2021, and this action was not filed until March 5, 2025—well beyond the three-year limitations period—the claim is time-barred and should be dismissed with prejudice.

**B. Plaintiff's Delayed Discovery Does Not Toll the Statute of Limitations**

While copyright infringement claims generally accrue under the discovery rule when the plaintiff discovers or reasonably should have discovered the infringement, this does not mean that a plaintiff's subjective lack of knowledge will indefinitely toll the limitations period. Rather, a plaintiff must exercise reasonable diligence in discovering potential infringements.

Here, Plaintiff's claimed late discovery of the alleged infringement in January 2025 does not toll the statute of limitations because:

1. Plaintiff is a sophisticated copyright owner with extensive experience in copyright enforcement,

having filed numerous copyright infringement lawsuits in recent years. Such a plaintiff is held to a higher standard of diligence in discovering potential infringements of its works. See Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1108 (7th Cir. 2017) (noting that the discovery rule "does not permit copyright owners to sit on their rights, not leveraging their copyright to their commercial benefit for years after an act of alleged infringement occurs, and then later use those protected works at a time of their choosing as a legal claim on which to extract settlements or engage in extended litigation").

2. The alleged infringement was not concealed or hidden; it was openly displayed on a public website that was accessible through normal internet searches. See Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004) (explaining that a copyright claim accrues when a plaintiff knows or "reasonably should have known" of the alleged infringement).

3. The Complaint and its exhibits establish that the alleged infringement began no later than September 3, 2021, and continued unchanged until Plaintiff claimed to have discovered it in January 2025. (Compl. ¶¶ 17, 22; Ex. C.)

4. Plaintiff's own emails, attached as Exhibit C to the Declaration of Chris K Daniels, demonstrate that Plaintiff is in the business of aggressively policing its copyrights and threatening litigation to extract settlements. In those emails, Plaintiff states: "I would advise that you look up who I am and how rigorously I defend my intellectual property.
" This further confirms that Plaintiff is a sophisticated copyright enforcer who should have discovered the alleged infringement well within the limitations period.

5. The allegedly infringing webpage had minimal commercial impact, receiving fewer than 5,000 total views during the entire three-and-a-half year period it was online from September 2021 to January 2025. This low view count further diminishes any claim of substantial damages and underscores the disproportionate nature of Plaintiff's litigation approach in seeking statutory damages of up to $150,000 for an image on a webpage with minimal traffic and commercial significance.

Courts have consistently held that a plaintiff's lack of diligence in discovering readily ascertainable infringements will not toll the statute of limitations. For example, in Warren Freedenfeld Assocs., Inc. v. McTigue, the First Circuit affirmed dismissal of copyright claims as time-barred where the plaintiff, an architectural firm, could have discovered the alleged infringement through "the exercise of reasonable diligence.
" 531 F.3d 38, 44-46 (1st Cir. 2008).

Similarly, in Michael Grecco Productions, Inc. v. BDG Media, Inc., the court dismissed Plaintiff's copyright claims as time-barred, noting that "a reasonably diligent plaintiff would have discovered the alleged infringements" well before the statute of limitations expired. 834 F. App'x 353, 354 (9th Cir. 2021).

In light of Plaintiff's sophistication in copyright matters and the public nature of the alleged infringement, Plaintiff reasonably should have discovered the alleged infringement well before January 2025. Therefore, the statute of limitations was not tolled, and Plaintiff's claim is time-barred.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: May 3, 2025
Respectfully submitted,

Chris K Daniels
Defendant, Pro Se
812 N Kilkea Dr.
Los Angeles, CA 90046
Chris@Chriskdaniels.com

-6-