UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01939-SVW-AS | Date | August 15, 2025 |
| Title | *Michael Grecco Productions, Inc. v. Filmnet, LLC et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING DEFENDANT'S MOTION TO DISMISS [14]

## I.   Introduction

Before the Court is a motion to dismiss brought by Defendant Chris K. Daniels ("Defendant"). ECF No. 14. For the following reasons, the motion is DENIED.

## II.   Factual and Procedural Background

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") is a photography studio that has been hired by various media outlets to take pictures of celebrities, such as when a magazine interviews a celebrity and needs a picture of that person to accompany the article; Plaintiff has licensed numerous images in this way to many different media outlets. Complaint, ECF No. 1 ("Compl.") ¶¶ 4, 7.

One of Plaintiff's photographs is a photograph of Robert Altman, the movie director and screenwriter (the "Photograph"). *Id*. ¶¶ 8-9. Plaintiff obtained the copyright registration for the Photograph from the copyright office on December 19, 2005. *Id*. ¶ 10, Ex. B. Plaintiff has never sold or licensed the Photograph to Defendant. *Id*. ¶ 24.

Defendant is the founder of a website that "claims to facilitate network connections in the film-making industry through 'amazing film festivals, online competitions, publications, film reviews, filmmaker interviews, articles, film news and more.'" *Id*. ¶ 12. One such article on Defendant's website,

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01939-SVW-AS | Date | August 15, 2025 |
|---|---|---|---|
| Title | *Michael Grecco Productions, Inc. v. Filmnet, LLC et al* | | |

an interview with filmmaker Marcellus Cox (the "Article"), uses the Photograph. *Id*. ¶ 17, Ex. C. The Article uses the Photograph despite the fact that Cox is not the subject of the Photograph because Cox in the Article mentions Altman as his favorite director. *Id*., Ex. C.

The Article is dated September 3, 2021; Plaintiff alleges that it discovered the infringement on January 6, 2025. *Id*. ¶ 17, Ex. C. After discovering the infringement, Plaintiff sent multiple demand letters to Defendant demanding that the Photograph be removed from the Article and making settlement offers. *Id*. ¶¶ 18-19. Plaintiff received no reply to these letters, but the Photograph was subsequently removed from the Article. *Id*. ¶¶ 18-20. Plaintiff then sent two more letters acknowledging the removal but asserting that removal of the image did not constitute settlement, and making further settlement offers. *Id*. ¶¶ 21-22. Plaintiff received no response. *Id*.

Subsequently, Plaintiff filed this lawsuit asserting copyright infringement against Defendant. *Id*. ¶¶ 26-38. Defendant moved to dismiss, arguing that the statute of limitations has run because it has been more than three years since the Article. Corrected Motion to Dismiss, ECF No. 26 ("Mot.").[1] Plaintiff opposes the motion, arguing that its claim accrued when it discovered the Article, meaning the statute of limitations has not run. Opposition to Motion to Dismiss, ECF No. 23

### III. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

---

[1] Defendant initially filed its motion at ECF No. 14, which is the motion that remains pending before the Court. However, the initial filing contained some formatting errors that Defendant corrected in its subsequent filing, without changing the substance of the motion. For the sake of clarity, the Court cites to the corrected version of the briefing.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01939-SVW-AS | Date | August 15, 2025 |
|---|---|---|---|
| Title | *Michael Grecco Productions, Inc. v. Filmnet, LLC et al* | | |

    In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**IV.     Discussion**

    A copyright infringement claim is subject to a three-year statute of limitations, which runs separately for each violation. 17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014).

    "[A] copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020). "The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the claim." *Id.* (quoting *Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir. 2001)) (cleaned up). "[S]uspicion of copyright infringement places upon the plaintiff a duty to investigate further into possible infringements of its copyrights." *Id.* at 1048 (quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1521 (9th Cir. 1983)) (cleaned up).

    Here, the Court essentially must decide whether the fact that Defendant made the Article publicly available via his website on September 3, 2021 sufficiently placed Plaintiff on constructive notice of the alleged infringement, given that the Article displayed the Photograph at the time it was posted. The Court holds that this was not sufficient to place Plaintiff on constructive notice.

    As an initial matter, the Court notes that generally, the determination of whether a plaintiff has actual or constructive notice of alleged infringement is a factual issue better decided after the pleadings stage. *See Mavrix Photo, Inc. v. Rant Media Network, LLC*, No. CV197270DMGAFMX, 2020 WL 8028098, at *3 (C.D. Cal. Nov. 2, 2020) ("Under the discovery rule, the Ninth Circuit has read section

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | DTA |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01939-SVW-AS | Date | August 15, 2025 |
|---|---|---|---|
| Title | *Michael Grecco Productions, Inc. v. Filmnet, LLC et al* | | |

507(b) to permit damages outside of the three-year window 'if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances'—a highly fact-bound inquiry."); *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1170 (N.D. Cal. 2019) ("[R]easonableness of discovering copyright infringement is generally a question of fact.").

The mere posting of the Article on Defendant's website is insufficient, without more, to demonstrate that Plaintiff had a duty to investigate the alleged infringement. The copyright holder's duty to investigate infringement "must be triggered by some event or series of events that comes to the attention of the aggrieved party." *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 510 F. Supp. 3d 878, 888 (C.D. Cal. 2021), *aff'd,* 39 F.4th 1236 (9th Cir. 2022). Here, it is certainly plausible—even likely—given the facts alleged, that Plaintiff had no knowledge of the Article's existence at all when it was posted in September 2021. A copyright holder certainly cannot reasonably be charged with constructive knowledge of the entire Internet as possible infringement, and no allegations, nor any argument by Defendant, establish any event that would have brought the Article to Plaintiff's attention prior to Plaintiff's actual discovery of the infringement in January 2025.

An unpublished Ninth Circuit opinion cited by Defendant where Plaintiff was also a party also suggests that Plaintiff has sufficiently alleged its claim here. In *Michael Grecco Prods., Inc. v. BDG Media, Inc.*, the Ninth Circuit reversed the district court's holding that Plaintiff's claim regarding a photograph posted to the Internet was time-barred. 834 F. App'x 353, 354 (9th Cir. 2021). The court noted that whether search processes used to scour the Internet for infringement "would or should have captured alleged infringements is a question of fact that cannot be determined on a motion to dismiss." *Id*. To be sure, here, no allegations "establish the difficulty of detecting online infringements" by discussing these search processes. *See id*. However, the Court can reasonably infer that Plaintiff here discovered the Photograph was used in the Article by using similar search processes and therefore finds the question of whether Plaintiff's discovery in January 2025 was reasonable is a question of fact that cannot be determined at the pleadings stage.

Moreover, the fact that the Article is not even about Altman, the subject of the Photograph, counsels further that Plaintiff lacked constructive knowledge that the Article used the Photograph without license. Even had Plaintiff known of the Article's existence, it may reasonably have assumed that an article about an entirely different person—Cox—would not use the Photograph, which pictures only Altman. The mere fact that the Article was publicly available, then, is clearly not enough on its own to raise suspicion

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-01939-SVW-AS | Date | August 15, 2025 |
|---|---|---|---|
| Title | *Michael Grecco Productions, Inc. v. Filmnet, LLC et al* | | |

of infringement sufficient to place upon Plaintiff a duty to investigate further.

That Plaintiff is a "sophisticated copyright holder that regularly polices and enforces its copyrights, as evidenced by its extensive copyright litigation history," as Defendant argues, *see* Mot. at 3, is also of no event. Even assuming that what Defendant says about Plaintiff is true, which would require the Court to improperly assume facts outside of the pleadings, the mere fact that Plaintiff may devote more time to scouring the Internet for potential infringement does not change the fact that the allegations establish no event that would have brought the alleged infringement to Plaintiff's attention prior to January 2025.

In sum, the Court finds that the publishing of the Article in September 2021 was insufficient to deem Plaintiff had constructive knowledge from that date, and therefore Plaintiff's claim did not accrue in September 2021. Plaintiff has sufficiently alleged that its claim instead accrued on January 6, 2025, when it discovered the infringement and thereby had actual knowledge.[2] Therefore, the Court denies Defendant's motion to dismiss.

**V.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

The Court sets a status conference for August 25, 2025, at 3:00 p.m.

**IT IS SO ORDERED.**

---

[2] Because the Court finds that Plaintiff has sufficiently alleged its claim accrued on January 6, 2025, it need not reach Plaintiff's argument regarding the separate accrual rule. *See* Opp. at 6.

| | : | |
|---|---|---|
| Initials of Preparer | DTA | |